UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br>NERI BROS. CONSTRUCTION CORP.<br><br>Debtor | Chapter 7<br><br>Case No. 95-20169 |

| | |
|---|---|
| JOHN J. O'NEIL, TRUSTEE OF NERI )<br>BROS. CONSTRUCTION CORP., )<br>DEBTOR )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>NEW ENGLAND ROAD, INC., )<br>ALAN NERI, SR., ALAN NERI, JR., )<br>JOHN NERI, AND HELEN NERI )<br>)<br>Defendants )<br>) | Adversary Proceeding<br><br>No. 97-2012 |

APPEARANCES:

Irve J. Goldman, Esq.
 Pullman & Comley, LLC
 850 Main Street, PO Box 7006, Bridgeport, CT 06601
 Counsel for Plaintiff

Ira B. Charmoy, Esq.
 The Law Offices of Ira B. Charmoy, LLC
 P.O. Box 745, 1700 Post Road, Fairfield, CT 06430-0745
 Counsel for Defendants

## RULING GRANTING PLAINTIFF'S MOTION TO AMEND

KRECHEVSKY, U.S.B.J.

I.

John J. O'Neil ("the plaintiff"), Chapter 7 trustee of the bankruptcy estate of Neri Bros. Construction Corp. ("the debtor"), on February 17, 2006, filed a Motion to

Amend Plaintiff's Second Amended Complaint. The Second Amended Complaint alleges, inter alia, that the defendants, during the period 1992 through 1994, caused the debtor "to rent machinery equipment to NE Road for substantially less than reasonable rental value and diverted business opportunities of the Debtor to NE Road." (Mot. at 2.) The proposed amendment seeks to expand the time period during which the alleged conduct occurred to include 1995 and 1996.

New England Road, Inc., Alan Neri, Sr., Alan Neri, Jr., John Neri, and Helen Neri (together "the defendants") filed an objection to the motion on the ground that the proposed amendment asserts "new causes of action. . . . [with] a completely different factual basis," and, as such, is time-barred.

## II.

## BACKGROUND

The debtor, on January 17, 1995, filed a Chapter 11 bankruptcy petition. The present proceeding was timely commenced, on January 16, 1997, by the Chapter 11 trustee. The First and Second Amended Complaints were filed on February 21, 1997 and October 2, 1997. The debtor's bankruptcy case was converted, on October 14, 1997, to Chapter 7 and the plaintiff was appointed Chapter 7 trustee.

In the intervening years, the parties have engaged in discovery concerning events that took place during 1995 and 1996 as well as during 1992 through 1994, much of which concerned use of the debtor's equipment for projects done by New England Road, Inc. under contract with the Connecticut Department of Transportation ("the DOT"). The complaint seeks, inter alia, to recover from the defendants the excess, if any, of the fair market value for the use of such equipment less the amount actually

2

paid.

## III.

### DISCUSSION

Fed. R. Civ. P. 15(a), made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7015, permits the amendment of pleadings by leave of the court, which "leave shall be freely given when justice so requires." Because the applicable statutes of limitations for the causes of action asserted in the proposed amendment have expired, the issue presently before the court is whether the proposed amendment may relate back to the date the original complaint was filed. "Amendments made after the statute of limitations has run . . . relate back to the date of the original pleading when the claim asserted in the amended plea 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.' The key words are 'conduct, transaction, or occurrence'. . . . The majority of Circuits . . . . allow relation back only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." Mayle v. Felix, __ U.S. __, 126 S.Ct. 2562, 2572, 162 L.Ed.2d 582 (2005) (quoting Fed. R. Civ. P. 15(c)(2)[1]).

The plaintiff argues that the proposed amendment simply extends the time in which the overpayments are alleged to have occurred, and that the additional payments so included are part of a continuous course of conduct engaged in by the defendants in

---

[1] Rule 15(c), Relation Back of Amendments, states, in relevant part: "An amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. . . ."

3

connection with their performance of projects awarded under a DOT contract. Accordingly, the court concludes that the allegations of the proposed amendment are not different, either in time or type, from those asserted in the original timely complaint. See, e.g. Rural Fire Protection Co. v. Hepp, 366 F.2d 355 (9th Cir. 1966) (permitting relation back of an amendment adding an additional pay period in a wage complaint).

As an additional ground for their objection, the defendants argue that because nine years have elapsed since the filing of the original complaint, they would be unduly prejudiced by the court's granting the motion to amend. The court concludes otherwise. The plaintiff states that the defendants, having provided the plaintiff with extensive documentation for the years 1995 and 1996, as well as 1992 through 1994, were on notice that the plaintiff considered the entire course of conduct "a continuing series of events that were already pled in the complaint." (Pl.'s Response at 9.) The plaintiff also contends the defendants only recently indicated to the plaintiff that they intended to construe the allegations more narrowly. The defendants allege that they had lost certain business records for the period up to July, 1996 in a March, 1998 flood. If at trial the defendants show this loss impairs their ability to defend, the court will be open to a renewed objection to plaintiff's amendment.

IV.

CONCLUSION

In accordance with the forgoing discussion, the court concludes that the Motion to Amend Plaintiff's Second Amended Complaint be, and hereby is, granted, and that the proposed amendment relates back to January 16, 1997, the filing date of the

4

original complaint. It is

SO ORDERED.

Dated at Hartford, Connecticut this 24th day of May, 2006.

_____
ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE